### MATHIESON ALKALI WORKS v. ARNOLD, HOFFMAN & CO., Inc.

(District Court, D. Rhode Island. May 3, 1922.)

No. 129.

1. **Reference &#8734;50—When proceedings before master will be interrupted on interlocutory application.**

While it is the ordinary rule not to interrupt proceedings before a master by interlocutory applications for review of his rulings, yet this rule is subject to exception when the decision of some question of fact may be of practical assistance in limiting the scope of further proceedings before the master.

2. **Corporations &#8734;318—Presumptions against validity of transactions between corporations conducted entirely through agency of officers acting for both.**

There is a strong presumption against the validity of transactions between corporations, where conducted entirely through the agency of officers acting at the same time for both corporations, and the burden is on those who would maintain the transactions to show their entire fairness.

3. **Corporations &#8734;318—Settlement requires independent representation of party.**

A settlement or acceptance of accounts rendered requires independent representation of the party to whom they are rendered, and there can be no account rendered as between corporations, where the transactions are conducted entirely through the agency of officers acting at the same time for both.

4. **Corporations &#8734;519(1)—Corporation, seeking an accounting from buyer and sales agent, presumed to know disposition made of its products.**

In a controversy between two corporations, wherein plaintiff corporation sought an accounting from defendant corporation, which was both a buyer and an agent for sale, with a limited agency, plaintiff is presumed to know what disposition was made of its own product and what it received for it from defendant, both as buyer and as sales agent, it being the duty of plaintiff, its officers and directors, to conduct its business with ordinary care, and the burden of explanation rests on it which cannot be sustained by a mere general claim that it confided implicitly in defendant, so as to require defendant to assume the burden.

5. **Principal and agent &#8734;75—Principal charged with knowledge of reports of agent.**

When a business transaction is closed by an agent and his report is made thereon, the principal is charged with knowledge of what is re-

&#8734;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ported, and cannot excuse himself from responsibility for action or in-action by continued reliance on one who is no longer a fiduciary as to completed transactions.

**6. Discovery ⬥13—Defendant held entitled to protect self from discovery by showing matters closed.**

On application by plaintiff for production of documents covering long period of time and numerous transactions, defendant *held* entitled to protect itself from discovery by proving, if able, that matters to which it related were finally settled and closed, and not open to re-examination.

In Equity. Suit by the Mathieson Alkali Works against Arnold Hoffman & Co., Inc. On application for instructions to the master. Master instructed to proceed on hearing of defense.

Huddy, Emerson & Moulton, of Providence, R. I., and Rushmore, Bisbee & Stern, of New York City, for plaintiff.

Edwards & Angell, of Providence, R. I., and Hughes, Rounds, Schurman & Dwight, of New York City, for defendant.

BROWN, District Judge. [1] While it is the ordinary rule not to interrupt proceedings before a master by interlocutory applications for review of his rulings, for the reason that such a practice is likely to be productive of great delay, and because it is difficult for a judge to decide an isolated point without examination of a large part of the record (Union Sugar Refining Co. v. Mathiesson, 3 Cliff. 146, 151, 153, 154, Fed. Cas. No. 14,398), yet the ordinary rule is subject to exception when the decision of some question of fact or law may be of practical assistance in limiting the scope of further proceedings before the master.

The plaintiff has made application for a production of documents covering a very long period of time, and relating to the details of transactions which the defendant contends are finally closed and not open to re-examination.

The defendant asks that the master be instructed to try the defense of accounts stated and of acquiescence, claiming that a decision in its favor upon this question would dispose of the plaintiff's claim to production of documents and further discovery.

[2, 3] From an examination of the extensive briefs, in which are discussed the authorities relating to discovery, as well as the evidence already before the master, it is apparent that a principal question in the case is whether, as matter of fact, the transactions between the plaintiff and defendant corporations were conducted entirely through the agency of officers acting at the same time for both corporations. If this is the fact there is a strong presumption against their validity, and the burden is upon those who would maintain the transactions to show their entire fairness. Geddes v. Anaconda Mining Co., 254 U. S. 590, 599, 41 Sup. Ct. 209, 65 L. Ed. 425; Corsicana National Bank v. Johnson, 251 U. S. 68, 90, 40 Sup. Ct. 82, 64 L. Ed. 141. If it appears that there was a dual agency, as alleged, this may open up a wide range of inquiry into the fairness of accounts that have been rendered. A settlement or acceptance of accounts rendered requires independent rep-

resentation of the party to whom they are rendered. On the other hand, if this is not the fact—if, in the dealings between the two corporations there was independent representation and independent action of both—then the defendant's objections to discovery or production of documents, if now disposed of, may materially shorten the hearings before the master.

As the plaintiff asserts a right to production on the ground that the relation of the parties was that of principal and agent, it becomes necessary to determine, as matter of fact, the extent of this relation.

The contracts, Exhibits A and B, which are not questioned, relate to two distinct topics: First, a sales agency; and, second, the purchase by the defendant of products for the purpose of reselling the same for its own account. Here are established two relations—buyer and seller, and principal and agent. Under Exhibits A and B the defendant was not authorized to fix prices either upon its sales as agent or upon purchases on its own account.

The relation of buyer and seller is not a fiduciary relation. The scope of the defendant's sales agency is limited in subject-matter to the extent of the defendant's purchases on its own account. While one may not unite the two opposite characters of buyer and seller (U. S. v. Carter, 217 U. S. 286, 308, 309, 30 Sup. Ct. 515, 54 L. Ed. 769, 19 Ann. Cas. 594), the present is a case in which, under the express terms of the contract, the defendant is to be both a buyer and an agent for sale, but with a limited agency.

The provision that all prices shall be fixed by the plaintiff obviates the principal field of conflict between the positions of buyer and agent. If there was in fact independent representation of the plaintiff, purchases by the agent on its own account reduced the subject-matter of the agency, and gave the defendant, as purchaser, the right to make profits on its own account. In defining the scope and subject-matter of the agency the relations were not fiduciary. The parties must be assumed to be acting independently, each in its own interest. The plaintiff seems to be proceeding on the theory that the defendant was a fiduciary both as purchaser and as selling agent.

The plaintiff's contention that, as matter of fact, it did not, as provided in the contract, fix the prices at which the defendant should buy for its own account, or at which it should sell as agent, but left this entirely to the defendant, which thereby became charged with the duty of acting as a fiduciary in buying for itself as well as in selling for the plaintiff, is at least an unusual contention. If accepted as a basis for an order for discovery, it would lead to an investigation of very wide extent.

[4, 5] If the hearings before the master are to proceed upon the theory that the plaintiff reposed entire confidence in the defendant as to the entire selling end of the plaintiff's business, including the fixing of the amounts and prices at which the defendant should buy for itself, and that this confidence was betrayed by the defendant in all its dealings with the plaintiff's product during a long period of years, this will doubtless require a very extensive examination of documentary evidence and the disturbance of many matters which apparently have long

since been treated as settled.   It must not be forgotten that the plaintiff corporation, its officers and directors, were under an obligation to conduct its business with ordinary care at least; that it had means of informing itself, and is presumed to know, what disposition was made of its own product, and what it received for its product from the defendant, both as buyer and as sales agent.   If, as defendant contends, accounts have been rendered which, on their face, disclose what amount of goods the defendant had bought on its own account, and what amount of goods it had sold as agent, as well as the prices, this should put upon the plaintiff a burden of explanation which hardly can be sustained by a mere general claim that it confided implicitly in the defendant.   When a business transaction is closed by an agent, and his report is made thereon, the principal is charged with knowledge of what is reported, and cannot excuse himself from responsibility for action or inaction by continued reliance upon one who is no longer a fiduciary as to completed transactions.

I am of the opinion that the application to advance the trial of the question of accounts stated is not too late.   It seems to have been made seasonably after the application for extensive discovery.   I can see no reason for an examination of all the details of sales which have been made on the plaintiff's account to assist in the trial of the question whether the two corporations were under a single control.   In view of the long period of time which the plaintiff seems to cover in its requests for production of documents, and of the presumption arising from lapse of time, it seems highly probable that the defendant will be able to establish a defense of accounts stated, or of acquiescence, as to many of the transactions concerning which the plaintiff seeks discovery.   It must be presumed that the directors of the plaintiff corporation exercised some supervision over the affairs of the company. Sun Printing & Publishing Ass'n v. Moore, 183 U. S. 642, 650, 651, 653, 22 Sup. Ct. 240, 46 L. Ed. 366.

[6] I am of the opinion that the defendant should have the right to protect itself from discovery by proving, if it is able, that the matters to which it relates are finally closed, and not open to re-examination.   Further consideraiton of the question of discovery may be reserved until the determination of the questions of accounts stated and of acquiescence.

The defendant's request that the master be instructed to proceed to a hearing on the defense of accounts stated and of acquiescence is granted, and the defendant may present a draft order accordingly.